IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| STREETSENSE, LLC, *et al.*, ) |  |
| ) |  |
| Plaintiffs, ) | Civil Action No. 24-cv-00347-LKG |
| ) |  |
| v. ) | Dated:  January 15, 2025 |
| ) |  |
| EPHANT GROUP, INC., *et al.*, ) |  |
| ) |  |
| Defendants. ) |  |
| ) |  |

**MEMORANDUM OPINION AND ORDER**

On February 2, 2024, Plaintiffs, Streetsense, LLC and Streetsense Consulting, LLC, filed a complaint in the above-captioned civil action.  ECF No. 1.  In the complaint, the Plaintiffs allege that Defendants, Ephant Group, Inc. and Ephant Group – Allegory, LLC, breached four contracts, pursuant to which the Plaintiffs agreed to provide the Defendants with various design services in exchange for compensation.  *Id*. at ¶¶ 65-84.  To date, the Defendants have not appeared in, or defended, this matter.

On July 24, 2024, the Plaintiffs filed a motion for default judgment, pursuant to Fed. R. Civ. P. 55(b).  ECF No. 15.  In support of their motion for default judgment, the Plaintiffs provided the Court with, among other things: (1) copies of a "Proposal for Interior Architecture Services" regarding three of the alleged contracts at issue in this case and (2) a copy of a "Proposal for Consulting Services" regarding the fourth alleged contract at issue in this case.  *See* ECF Nos. 15-3, 15-6, 15-9, 15-11.  Plaintiffs have also provided the Court with a document styled as an addendum to modify the first alleged contract with the Defendants.  *See* ECF No. 15-4.

"Under Maryland law, the formation of a contract requires mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration."  *Montage Furniture Servs., LLC v. Regency Furniture, Inc.*, 966 F. Supp. 2d 519, 524 (D. Md. 2013).  To state a claim for breach of contract under Maryland law, a plaintiff must establish: (1) that the defendant owed the plaintiff a contractual obligation and (2) that the defendant breached that

obligation. *See, e.g.*, *Reamer v. State Auto. Mut. Ins. Co.*, 556, F. Supp. 3d 544, 550 (D. Md. 2021), *aff'd* 2022 WL 17985700 (4th Cir. Dec. 29, 2022); *Allstate Ins. Co. v. Warns*, 2012 WL 681792, at *10 (D. Md. Feb. 29, 2012) (citing *Taylor v. NationsBank*, *N.A.*, 365 Md. 166 (Md. 2001)).

Here, the Plaintiffs have not provided the Court with any of the alleged contracts at issue in this case. Nor have the Plaintiffs provided the Court with an explanation as to why they have not provided the alleged contracts. And so, the Court **DENIES** the Plaintiffs' motion for default judgment (ECF No. 15) **WITHOUT PREJUDICE**.

Should the Plaintiffs wish to renew their motion for default judgment, they shall provide the Court with the contracts at issue in this case and any other documents to show the existence of the alleged contracts with the Defendants, **on or before February 10, 2025**.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge