**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| STREETSENSE, LLC, *et al.*,   )<br>                                                  )<br>        Plaintiffs,                        )<br>                                                  )<br>v.                                              )<br>                                                  )<br>EPHANT GROUP, INC., *et al.*,    )<br>                                                  )<br>        Defendants.                     )<br>                                                  ) | Civil Action No. 8:24-cv-00347-LKG<br><br>Dated:  June 12, 2025 |

**MEMORANDUM OPINION**

**I.      INTRODUCTION**

In this breach-of-contract action, the Plaintiffs, Streetsense, LLC ("Streetsense") and Streetsense Consulting, LLC ("Streetsense Consulting"), bring breach of contract claims against the Defendants, Ephant Group, Inc. ("Ephant Group") and Ephant Group – Allegory, LLC ("Ephant Allegory"), arising from the Defendants' alleged failure to pay certain compensation owed to the Plaintiffs for providing interior design services. *See generally* ECF No. 1.  The Plaintiffs have filed a renewed motion for default judgment against the Defendants, pursuant to Fed. R. Civ. P. 55(b).  ECF No. 17.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court **DENIES** the Plaintiffs' renewed motion for default judgment (ECF No. 17).

**II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

    **A.      Factual Background**

In this breach-of-contract action, the Plaintiffs bring breach of contract claims against the Defendants arising from the Defendants' alleged failure to pay certain compensation owed to the Plaintiffs for providing interior design services. *See generally* ECF No. 1.  In the complaint, the

---

[1] The facts recited in this memorandum opinion are derived from the complaint; Plaintiffs' renewed motion for default judgment and the exhibits attached thereto.  ECF Nos. 1, 17, 17-1, 17-2, 17-3, 17-4, 17-5, 17-6, 17-7, 17-8, 17-9, 17-10 and 17-11.

1

Plaintiffs assert breach of contract claims against Ephant Group in Counts I, II and IV of the complaint and a breach of contract claim against Ephant Allegory in Count III of the complaint. *Id*. at ¶¶ 65-84.  As relief, Plaintiffs seek to recover monetary damages, attorneys' fees and costs from the Defendants.  ECF No. 17 at Prayers for Relief; *see* ECF No. 17-1 at 1-2.

### The Parties And Case Background

Plaintiff Streetsense is a limited liability company organized under the laws of Maryland, with its principal place of business located in Washington, D.C.  ECF No. 1 at ¶ 8.

Plaintiff Streetsense Consulting is a limited liability company organized under the laws of Maryland, with its principal place of business located in Washington, D.C.  *Id*. at ¶ 9.

Defendant Ephant Group is a corporation organized under the laws of Tennessee, with its principal place of business located in Knoxville, Tennessee.  *Id*. at ¶ 10.

Defendant Ephant Allegory was a limited liability company organized under the laws of Tennessee, with its principal place of business located in Knoxville, Tennessee.  *Id*. at ¶ 11.  Ephant Allegory was administratively dissolved on August 9, 2022.  *Id*.

As background, Streetsense is an interior design and strategy firm that develops and manages design projects for commercial and multifamily residential properties.  *Id*. at ¶ 2.  The Plaintiffs allege in the complaint that, between on or about May 16, 2021, and February 10, 2022, they entered into four contracts with the Defendants, pursuant to which Streetsense agreed to provide certain interior design services for certain properties owned by the Defendants.  *Id*. at ¶¶ 16, 28, 44 and 56.

### The Hope Brothers Restaurant Agreement

First, the Plaintiffs allege that, on or about May 2021, an affiliate of Ephant Group purchased a building located at 428 South Gay Street in Knoxville, Tennessee (the "Hope Brothers Building") and that Ephant Group planned to convert this building into a small boutique hotel with a restaurant on the ground floor.  *Id.* at ¶ 15.  The Plaintiffs also allege that, on or about May 16, 2021, Streetsense and Ephant Group entered into a contract (the "Hope Brothers Agreement"), pursuant to which Streetsense would provide Ephant Group with certain interior design services for the Hope Brothers Building.  *Id*. at ¶¶ 16-18; *see* ECF No. 17-2.

2

To support this claim, the Plaintiffs have provided the Court with a document entitled "The Hope Brothers Restaurant, Proposal for Interior Architecture Services/Ephant Group." ECF No. 17-2. This document contains a scope of work provision that describes the base scope of work to be performed by Streetsense as follows: "Dining, Bar, Restrooms, BOH and associated support spaces." *Id*. at 10. The Hope Brothers Agreement also contains a proposed budget and schedule, which sets forth the proposed schedule and fees for the work to be performed under this agreement and provides, in relevant part, that:

> *It is Streetsense's policy to require a nonrefundable retainer deposit at the*
> *commencement of each project.  All invoices must be brought current*
> *prior to Streetsense commencing any new phases or issuing digital files.*
> *The Retainer Deposit for this project is 20% of the Base Scope of Services.*

*Id*. at 19 (emphasis in original).

The Hope Brothers Agreement also contains a provision entitled "Agreement," which provides that:

> If you approve the above proposal and the following Terms and Conditions, please sign below and return for our record and as your authorization to proceed. This signed proposal, and a retainer outlined on the proposed schedule and budget will serve as our formal agreement.

*Id*. at 20. In addition, the Agreement provision in the Hope Brothers Agreement provides that:

> The general terms and conditions outlined below (the "Terms and
> Conditions") are part of the attached Proposal and are hereby incorporated
> by reference. The proposal and these Terms and Conditions are
> collectively referred to her as the "Agreement").  Client's acceptance of
> the Proposal constitutes Client's acceptance of the following Terms and
> Conditions.

*Id*. The Terms and Conditions for the Hope Brothers Agreement address, among other things: (1) the fees for the services outlined in the proposal; (2) the hourly rate schedule; (3) payments; (4) indemnification;(5) place of work and safety health and (6) the resolution of disputes. *Id*. at 27-31. Lastly, the Hope Brothers Agreement is signed by Hardikkumar Patel on behalf of Ephant Group, but Streetsense did not sign the agreement. *Id*. at 20.

3

The Plaintiffs allege that, pursuant to the Hope Brothers Agreement, the parties agreed that Streetsense would develop the Hope Brothers restaurant's general aesthetic, floor plans and ceiling plans, and provide direction as to what materials and finishes Ephant Group should use in the restaurant to match this aesthetic vision. ECF No. 1 at ¶ 18; *see* ECF No. 17-2 at 10 and 12-16. The Plaintiffs also allege that Ephant Group executed an addendum to this agreement on or about September 22, 2021. ECF No. 1 at ¶ 19; *see* ECF No. 17-3. And so, the Plaintiffs allege that the parties contractually agreed that Streetsense would also: (1) develop a logo for the restaurant; (2) design templates for the restaurant's menus, coasters and merchandise; and (3) design the restaurant's interior signs. ECF No. 1 at ¶ 20; *see* ECF No. 17-3 at 1-2.

The Plaintiffs contend that Ephant Group failed to compensate them for services provided under the Hope Brothers Agreement. ECF No. 1 at ¶ 27. In this regard, the Plaintiffs allege that they submitted an invoice to Ephant Group for $10,500.00, for certain services rendered for the design of the restaurant's interior signage, on December 19, 2022. *Id.* at ¶ 26; *see* ECF No. 17-4. But, the Plaintiffs further contend that Ephant Group has failed to pay this invoice. *Id.* at ¶ 27; *see* ECF No. 17-4. And so, Plaintiffs contend that Ephant Group breached the Hope Brothers Agreement by failing to pay Streetsense $10,500.00 for certain services rendered. ECF No. 1 at ¶ 69.

<u>The Hope Brothers Hotel Agreement</u>

Second, the Plaintiffs allege that, on or about May 16, 2021, Streetsense and Ephant Group entered into a second contract related to the Hope Brothers Building (the "Hope Brothers Hotel Agreement"), pursuant to which Streetsense agreed to provide interior design services for a boutique hotel to be located in the Hope Brothers Building. *Id.* at ¶ 28; *see* ECF No. 17-5. In this regard, the Plaintiffs allege that the parties agreed that that Streetsense would develop the hotel's overall aesthetic and layout, and provide direction as to what furniture, fixtures and equipment ("FF&E") to use to match the hotel's aesthetic. ECF No. 1 at ¶ 32.

The Hope Brothers Hotel Agreement contains an Agreement provision and Terms and Conditions that are identical to the provisions in the Hope Brothers Restaurant Agreement. ECF No. 17-5 at 20 and 27-31. The Hope Brothers Hotel Agreement is also signed by HD Patel, on behalf of Ephant Group, and Streetsense did not sign this agreement. ECF No. 1 at ¶ 29; *see* ECF No. 17-5 at 20.

The Plaintiffs allege that, pursuant to the Hope Brothers Hotel Agreement, the parties agreed that Streetsense would complete construction administration services, by "assist[ing] in design reviews of submittals and shop drawings relative to FF&E and other items in [Streetsense's] scope [of work], as well as answer[ing] Requests for Information transmitted to [Streetsense] through the [architect of record] as they relate[d] to [Streetsense's] scope of work." ECF No. 1 at ¶ 34; *see* ECF No. 17-5 at 17.  In this regard, Plaintiffs allege that the fee for construction administration services for the Hope Building Hotel Agreement was quoted on a "not to exceed" basis (the "CA Cap").  ECF No. 1 at ¶ 34; *see* ECF No. 17-5 at 19.  And so, the Plaintiffs further allege that the parties agreed that, upon reaching the CA Cap, Streetsense would charge Ephant Group for all construction administration services on an hourly basis.  ECF No. 1 at ¶ 34.

The Plaintiffs allege that Streetsense notified Ephant Group that the CA Cap had been reached on July 11, 2022.  ECF No. 1 at ¶ 40; *see* ECF No. 17-6.  But, the Plaintiffs allege that Ephant Group did not respond to, or acknowledge, this notification.  ECF No. 1 at ¶ 40.  Given this, the Plaintiffs allege that Streetsense began billing Ephant Group for construction administration services upon an hourly basis.  *Id.* at ¶ 40.  And so, the Plaintiffs allege that Streetsense submitted the following invoices to Ephant Group for work performed under the Hope Building Hotel Agreement: (1) an invoice dated December 13, 2022, in the amount of $1,100.00; (2) an invoice dated January 18, 2023, in the amount of $975.00; (3) an invoice dated February 17, 2023, in the amount of $600.00;(4) an invoice dated March 17, 2023, in the amount of $750.00; and (5) an invoice dated April 19, 2023, in the amount of $262.50.  ECF No. 1 at ¶ 41; *see* ECF No. 17-7.

The Plaintiffs contend that Ephant Group also failed to pay these invoices.  ECF No. 1 at ¶ 42.  And so, the Plaintiffs also contend that Ephant Group owes Streetsense $3,687.50 for services rendered for the Hope Brothers Building hotel.  *Id.* at ¶ 42.

The Gatlinburg Property Agreement

Third, the Plaintiffs allege that, on or about June 22, 2021, Streetsense and Ephant Allegory entered into a contract, under which Streetsense would provide interior design services for a property located at 937 Parkway in Gatlinburg, Tennessee (the "Gatlinburg Property Agreement").  *Id.* at ¶¶ 43-44.  The Plaintiffs also allege that, pursuant to this agreement, the

5

parties agreed that Streetsense would simultaneously work on two projects related to the subject property: (1) the design of the overall hotel and rooftop bar and (2) the design of a model hotel guest room. *Id*. at ¶ 46. In addition, the Plaintiffs allege that the parties agreed that Streetsense would be responsible for schematic design, design development and design intent documents. *Id*. Plaintiffs further allege that the parties agreed to the recovery of certain reimbursable expenses at a rate of cost, plus a 10% administrative charge. *Id*. at ¶ 47.

The Gatlinburg Property Agreement contains an Agreement provision and Terms and Conditions that are identical to the provisions in the Hope Brothers Restaurant and Hope Brothers Hotel Agreements. ECF No. 17-8 at 21 and 28-33. The Gatlinburg Property Agreement is also signed by HD Patel on behalf of Ephant Allegory and Streetsense did not sign this agreement. *Id*. at 21.

The Plaintiffs allege that they submitted the following invoices to Ephant Allegory for work performed under the Gatlinburg Property Agreement: (1) an invoice dated November 15, 2022, in the amount of $31,440.70; (2) an invoice dated December 19, 2022, in the amount of $12,700.00; (3) an invoice dated January 19, 2023, in the amount of $34,100.00; and (4) an invoice dated February 13, 2023, in the amount of $63,440.31. ECF No. 1 at ¶¶ 52-54; *see* ECF No. 17-9. The Plaintiffs contend that Ephant Allegory failed to pay these invoices. ECF No. 1 at ¶ 55. And so, the Plaintiffs also contend that Ephant Allegory owes Streetsense $141,681.01 for services rendered under the Gatlinburg Property Agreement. *Id*.

The Conley Square Agreement

Lastly, the Plaintiffs allege that, Streetsense and Ephant Group entered into a fourth contract (the "Conley Square Agreement"), on or about February 10, 2022, pursuant to which Streetsense agreed to design a logo for a property known as Conley Square Condominiums Complex, which is located in Knoxville, Tennessee. *Id*. at ¶ 56; *see* ECF No. 17-10. Plaintiffs also allege that the parties agreed that Streetsense would design the Conley Square Condominium Complex's logo, present the logo to Ephant Group, incorporate Ephant Group's feedback and deliver the final files to Ephant, pursuant to this agreement. ECF No. 1 at ¶ 62. In addition, the Plaintiffs allege that the parties agreed that Streetsense would issue two invoices to Ephant Group for these services: one invoice upon execution of the contract and one invoice upon completion of Streetsense's scope of work. *Id.* at ¶ 58.

The Conley Square Agreement also contains an Agreement provision that is identical to the provisions in the Hope Brothers Restaurant, Hope Brothers Hotel and Gatlinburg Property Agreements. ECF No. 17-10 at 7 and 12-20. The Conley Square Agreement also contains Terms and Condition that address, among other things, (1) the fees for work performed; (2) reimbursable expenses; (3) payments; and (4) indemnification and resolution of disputes, that are similar to the Terms and Conditions contained in the Hope Brothers Restaurant, Hope Brothers Hotel and Gatlinburg Property Agreements. *Id*. at 12-20. The Conley Square Agreement is also signed by HD Patel on behalf of Ephant Group and Streetsense did not sign this agreement. ECF No. 1 at ¶ 57; *see* ECF No. 17-10 at 7.

The Plaintiffs allege that they submitted an invoice to Ephant Group dated November 14, 2022, in the amount of $3,750.00, pursuant to the Conley Square Agreement. ECF No. 1 at ¶ 63; *see* ECF No. 17-11. The Plaintiffs contend that Ephant Group failed to pay this invoice ECF No. 1 at ¶ 64. And so, Plaintiffs also contend that Ephant Group owes Streetsense $3,750.00 for services rendered under the Conley Square Agreement. ECF No. 1 at ¶ 64.

The Plaintiffs' Allegations

The Plaintiffs allege that the aforementioned four agreements are valid and binding contracts with the Defendants. ECF No. 1 at ¶¶ 66, 71, 76 and 81. The Plaintiffs also allege that the Terms and Conditions for these agreements require that Streetsense would deliver invoices to the Defendants as work progressed under the agreements and that these invoices were payable upon receipt. *Id*. at ¶¶ 21, 35, 48 and 58.

The Plaintiffs also allege that each invoice for work performed under the agreements notified the Defendants that a 1.5% per month late charge and an 18% true annual rate would be added to any balances that remained unpaid more than 30 days after the invoice date. *Id*.; *see* ECF Nos. 17-2 at 27, 17-5 at 27, 17-8 at 28 and 17-10 at 12. In addition, the Plaintiffs allege that their alleged contracts with the Defendants provided that: (1) any portion of an invoice not disputed by the Defendants in writing within ten days of receipt would be deemed final and binding; (2) the Plaintiffs had the right to suspend or terminate performance if any invoice went unpaid by the Defendants for more than 60 days; and (3) if any portion of an invoice remained unpaid after 90 days, Plaintiffs had the right to terminate the contract, with Defendants

responsible for all costs of collection, including reasonable attorneys' fees.  ECF No. 1 at ¶¶ 23, 37, 50 and 60; *see* ECF Nos. 17-2 at 26-27, 17-5 at 26-27, 17-8 at 27-28 and 17-10 at 8.

Given this, the Plaintiffs contend that the Defendants have breached the Hope Building Restaurant Agreement, Hope Building Hotel Agreement, Gatlinburg Property Agreement and Conley Square Agreement.  ECF No. 1 at ¶¶ 69, 74, 79 and 84.  And so, the Plaintiffs seek to recover, among other things, the unpaid compensation that they maintain is owed under these agreements, plus their attorneys' fees and costs.  ECF No. 1 at ¶ 7.

### B. Procedural History

The Plaintiffs commenced this matter on February 2, 2024.  ECF No. 1.  The summons and complaint were properly served on the Defendants on March 14, 2024.  ECF Nos. 9 and 10.  But the Defendants have neither answered, nor otherwise responded to, the complaint.  ECF No. 11 at 1; ECF No. 15 at 1 and 3.  And so, the Plaintiffs filed a motion for Clerk's entry of default on May 23, 2024.  ECF No. 12.

On June 18, 2024, the Clerk of the Court entered an Order of Default against the Defendants.  ECF Nos. 13 and 14.  The Defendants have not responded to the Order of Default.  *Id*.  On July 24, 2024, Plaintiffs filed a motion for default judgment, pursuant to Fed. R. Civ. P. 55(b).  ECF No. 15.

On January 15, 2025, the Court denied the Plaintiffs' motion for default judgment without prejudice due to insufficient evidence to show that the parties entered into valid and binding contracts.  ECF No. 16.  The Plaintiffs filed a renewed motion for default judgment against the Defendants on January 27, 2025.  ECF No. 17.  The Court resolves the pending motion.

### III. LEGAL STANDARDS

### A. Default Judgment

Federal Rule of Civil Procedure 55 governs default judgments entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party.  Fed. R. Civ. P. 55(b)(2).  Although courts maintain "a strong policy that cases be decided on the merits," *United*

8

*States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In deciding whether to grant a default judgment, the Court takes as true the well-pled factual allegations of the complaint, other than those pertaining to damages. *See, e.g.*, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *Trs. of Nat'l Elec. Benefit Fund v. Eckardt Elec. Co.*, No. 23-1459, 2024 WL 473805, at *2 (D. Md. Feb. 7, 2024); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). In this regard, the Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in this context. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). And so, where a petition avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Russell v. Railey*, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (citation omitted); *see, e.g.*, *Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of facts that 'show' why those conclusions are warranted.").

### B. Breach Of Contract

"Under Maryland law, the formation of a contract requires mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration." *Montage Furniture Servs., LLC v. Regency Furniture, Inc.*, 966 F. Supp. 2d 519, 524 (D. Md. 2013) (internal citation and quotations omitted). To state a claim for breach of contract under Maryland law, a plaintiff must establish: (1) that the defendant owed the plaintiff a contractual obligation and (2) that the defendant breached that obligation. *See, e.g.*, *Reamer v. State Auto. Mut. Ins. Co.*, 556, F. Supp. 3d 544, 550 (D. Md. 2021), *aff'd* 2022 WL 17985700 (4th Cir. Dec. 29, 2022); *Allstate Ins. Co. v. Warns*, No. 11-1846, 2012 WL 681792, at *10 (D. Md. Feb. 29, 2012) (citing *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001)). And so, a plaintiff must plead that there existed a "contractual obligation, breach, and damages" to state a plausible breach of contract claim. *Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, No. 16-3431, 2018 WL 1471682, at *17 (D. Md. Mar. 23, 2018) (citations omitted).

## IV.     ANALYSIS

The Plaintiffs have renewed their motion for entry of a default judgment against the Defendants in this matter, pursuant to Fed. R. Civ. P. 55(b), upon the grounds that the Defendants have failed to answer, or otherwise respond to, the complaint and the uncontested factual allegations show that the parties entered into valid and binding contracts and that the Defendants breached these contracts by failing to pay the Plaintiffs for services performed under the contracts. ECF No. 17. And so, the Plaintiffs request that the Court: (1) enter default judgment in this matter against the Defendants; (2) award them $159,619.00 in unpaid compensation, pursuant to the parties' contractual agreements; (3) award them $55,823.00 in prejudgment interest; and (4) award them attorneys' fees. *Id.* at 16-17.

For the reasons that follow, the factual record before the Court remains insufficient to establish that the Plaintiffs entered into valid and enforceable contracts with the Defendants to support the Plaintiffs' breach of contract act claims in this case. For this reason, the Court **DENIES** the Plaintiffs' renewed motion for default judgment.

### A. The Plaintiffs Have Not Established That They Entered Into Valid Contracts With The Defendants

While a somewhat closer question, given the new evidence before the Court, the Court remains concerned that the factual record in this case is not sufficient to establish that the Plaintiffs entered into valid and enforceable contacts with the Defendants to provide interior design services. As the Court previously observed in this case, the formation of a contract under Maryland law requires mutual assent (offer and acceptance), an agreement definite in its terms, and sufficient consideration. *Montage Furniture Servs.*, 966 F. Supp. 2d at 524.

In this case, the Plaintiffs allege that they entered into four valid and enforceable contracts, with Ephant Group or Ephant Allegory, to provide interior design services at certain properties owned by these Defendants. ECF No. 1 at ¶¶ 66, 71, 76 and 81. The Plaintiffs also allege that the Defendants breached these contracts, by failing to pay the Plaintiffs for services rendered. *Id.* at ¶ 1.

To support these breach of contract claims, the Plaintiffs have provided the Court with copies of the Hope Brothers Restaurant Agreement; the Hope Brothers Hotel Agreement; the Gatlinburg Property Agreement and the Conley Square Agreement. ECF Nos. 17-2, 17-5, 17-8

and 17-10. But the Court observes as an initial matter that none of these agreements are signed by representatives of the Plaintiffs. ECF Nos. 17-2 at 20, 17-5 at 20, 17-8 at 21 and 17-10 at 9. This fact, alone, is not fatal to the Plaintiffs' motion for default judgment.

Indeed, as the Plaintiffs correctly argue in their motion, the four agreements at issue are signed by representatives of the Defendants and the agreements provide that the Defendants could "approve" these agreements by signing and returning the agreements to the Plaintiffs. ECF No. 17 at 5, 8, 11 and 14; *see* ECF Nos. 17-2 at 20, 17-5 at 20, 17-8 at 21 and 17-10 at 9. Nonetheless, the absence of the Plaintiffs' signature on any of these agreements raises a factual question about whether, and when, the parties reached a meeting of the minds regarding these agreements. *See Galloway v. Santander Consumer USA. Inc.*, 819 F.3d 79, 85 (4th Cir. 2016) (internal quotation marks omitted) (under Maryland law, the first requirement to establish the formation of a contract is the manifestation of mutual assent requiring offer and acceptance.).

More concerning to the Court is that the evidence and factual allegations before the Court fail to establish that the Defendants accepted any of the four agreements at issue. Notably, the "Agreement" provision in the subject agreements provides that "[i]t is Streetsenes's policy to require a nonrefundable retainer deposit at the commencement of each project." ECF Nos. 17-2 at 20, 17-5 at 20, 17-8 at 21 and 17-10 at 9. But the Plaintiffs have provided no evidence to the Court to show whether, and when, the Defendants paid the retainers called for by these agreements. And so, again, it is not clear to the Court whether, or when, the Defendants accepted the Plaintiffs' offer to provide interior design services.

In addition, the plain language of the "Proposed Scheduler + Budget" provision contained in the Hope Brothers Restaurant Agreement, the Hope Brothers Hotel Agreement and the Gatlinburg Property Agreement also make clear that further bargaining between the parties would occur before these agreements were finalized. ECF Nos. 17-2 at 19, 17-5 at 19 and 17-8 at 20. Notably, these three agreements state that further negotiations would be required between the parties regarding the final schedule and the fees for the Plaintiffs' design services. *See id*. And so, the factual record before the Court simply does not establish that the parties concluded their bargain regarding the Plaintiffs' interior design services with these three agreements. *See Spaulding v. Wells Fargo Bank*, 714 F.3d 769, 778 (4th Cir. 2013) (quoting Joesph M. Perillo, *Corbin on Contracts* § 1.11, at 31 (rev. ed. 1993) (If an offer requires a further act by the offeror, it is not an offer.)).

11

Given these evidentiary concerns, the Court is not satisfied that the Plaintiffs have shown that they entered into valid and enforceable contracts with the Defendants. *Russell*, 2012 WL 1190972, at *3. For this reason, the Court must DENY the Plaintiffs' renewed motion for default judgment.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Plaintiffs' renewed motion for default judgement (ECF No. 17).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge